IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN

| | | |
|---|---|---|
| ROBERT R. VSETULA, | § | |
| | § | Case No. 1:17-cv-00043 |
| Plaintiff | § | |
| | § | |
| -v- | § | |
| | § | COMPLAINT |
| PORTFOLIO RECOVERY | § | |
| ASSOCIATES, LLC | § | JURY TRIAL DEMANDED |
| Defendant. | § | |

## INTRODUCTION

1. Defendant Portfolio Recovery Associates, LLC ("PRA") harassed Plaintiff for months with collection robocalls when they had no right to make these automated calls to Plaintiff's cellular telephone, and Plaintiff had never provided Defendant with his phone number.

2. Defendant persistently utilized an automatic telephone dialing system to automatically dial Plaintiff's cellular telephone, which violated Plaintiff's privacy rights under state and federal law.

3. The Telephone Consumer Protection Act ("TCPA") was enacted to prevent companies from invading American citizen's privacy and to "protect individual consumers from receiving intrusive and unwanted telephone calls." *Mims v. Arrow Fin. Servs.,* 132 S.Ct. 740 (2012).

4. According to the Federal Communications Commission (FCC), Únwanted calls and texts are the number one complaint to the FCC. The FCC received more than 215,000 TCPA complaints in 2014 alone. https://www.fcc.gov/document/fact-sheet-consumer-protection-proposal.

5. Senator Hollings, the TCPA's sponsor described these calls as "the scourge of modern civilization, they wake us up in the morning; they interrupt our dinner at night; they force the sick and elderly out of bed; they hound us until we want to rip the telephone out of the wall." 137 Cong. Rec. 30, 821 (1991).

6. Defendant has caused Plaintiff actual harm not only because Plaintiff was subjected to the aggravation and invasions of privacy that necessarily accompany these repeated robocalls, but also because these robocalls caused diminished battery life, wasted Plaintiff's time, and otherwise interfered with his ability to make and receive phone calls on his cellular telephone.

## JURISDICTION

7. Jurisdiction of this Court arises under 28 U.S.C. § 1331, 47 U.S.C. § 227, and pursuant to 28 U.S.C. § 1367 for pendent state law claims, which are predicated upon the same facts and circumstances that give rise to the federal causes of action.

8. This action arises out of the Defendant's repeated violations of the Telephone Consumer Protection Act ("TCPA") 47 U.S.C. § 227 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA") 15 U.S.C. § 1692 *et. seq.*, the Michigan Occupational Code M.C.L. §339.901 *et. seq.* ("MOC").

9. Venue is proper in this district because Defendant transacts business here and places phone calls into this district, and Plaintiff lives in this District.

## PARTIES

10. Plaintiff Robert R. Vsetula ("Plaintiff") is a natural person who resides in the City of Stanton, County of Montcalm, State of Michigan. Plaintiff is a "consumer" and "person" as the terms are defined and used in the FDCPA and TCPA. Plaintiff is a "consumer," "debtor" and "person" as the terms are defined and used in the MOC.

11. Defendant PRA is a corporation with its principal place of business at 120 Corporate Blvd., Norfolk, VA 23502 and conducting business through its registered agent Corporation Service Company, 2711 Centerville Rd. Ste. 400, Wilmington, DE 19808.

12. Defendant uses interstate commerce and the mails in a business the principal purpose of which is the collection of debts. Defendant regularly attempts to collect, directly or indirectly, debts owed or due or asserted to be owed or due another.

13. Defendant is a "debt collector" as the term is defined and used in the FDCPA and the TCPA. Defendant maintains a valid license from the State of Michigan to collect consumer debts in Michigan. Defendant is a "collection agency" and "licensee" as those terms are defined and used in the MOC.

14. At all relevant times to this complaint, Defendant has owned, operated, and or controlled "customer premises equipment" as defined by the TCPA 47 U.S.C. §153(14) that originated, routed, and/or terminated telecommunications.

15. At all relevant times to this complaint, Defendant engaged in "telecommunications" as defined in the TCPA 47 U.S.C. §153(43).

16. At all relevant times to this complaint, Defendant engaged in "Interstate communications" as defined by TCPA 47 U.S.C. §153(22).

17. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "wire communications" as defined by the TCPA 47 U.S.C. §153(52), that existed as instrumentalities of interstate and intrastate commerce.

18. At all relevant times to this complaint, Defendant has used, controlled, and/or operated "automatic dialing systems" as defined by the TCPA 47 U.S.C. §227(a)(1) and 47 C.F.R. 64.1200(f)(1).

## FACTUAL ALLEGATIONS

19. On or around June of 2016, and within one year immediately preceding the filing of this complaint, Defendant attempted to collect from Plaintiff a financial obligation that was primarily for personal, family or household purposes and is therefore a "debt" as that term is defined by 15 U.S.C. § 1692a(5), namely, a credit card debt.

20. On or around June of 2016, and within one year immediately preceding the filing of this complaint, Defendant repeatedly and willfully placed calls to Plaintiff's personal cellular telephone number in an effort to collect this debt, which were "communication[s]" in an attempt to collect a debt as that term is defined by 15 U.S.C. § 1692a(2).

### *Telephone Consumer Protection Act*

21. Within four years immediately preceding the filing of this lawsuit, Defendant telephoned the Plaintiff's cellular telephone on numerous occasions in violation of the TCPA.

22. Without Plaintiff's prior express consent, Defendant repeatedly used an automatic telephone dialing system to call Plaintiff's cellular telephone in an attempt to collect this debt, at least fifty (50) times.

23. These calls were not made for emergency purposes.

24. Defendant placed these calls repeatedly and continuously, often multiple times per day.

25. When Plaintiff answered the phone he was met by a long period of silence or "dead air" before any representative came on the line.

26. Dead air calls are the hallmark of calls placed using automated or predictive dialers.

27. All calls and messages were sent in willful violation of the TCPA and the FDCPA because Defendant never obtained the Plaintiff's prior express consent, and had no basis to believe that they had the Plaintiff's prior express consent to make automated calls to his cell phone or to send him prerecorded and/or synthesized messages on his cell phone.

28. In approximately May of 2016 Plaintiff obtained his current phone number ((616) 302-3608) from Verizon Wireless.

29. Prior to May of 2016 the Plaintiff had a different cellular telephone number ((616) 302-4399).

30. Plaintiff decided to obtain a new phone number because his old number was being inundated with collection phone calls that he did not wish to receive. The incessant collection calls disturbed Plaintiff's privacy and peace of mind, and caused him great consternation.

31. Because Plaintiff did not wish to receive any collection calls he did not provide his new phone number to Defendant or any other companies that may have attempted to collect a debt.

32. Plaintiff is uncertain how Defendant obtained his current cellular telephone number.

33. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last four years prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of the TCPA, 47 U.S.C. § 227 *et seq*.

34. Defendant's repeated autodialed collection calls to Plaintiff's cellular telephones, within the last one year prior to filing this complaint, were illegal third-party attempts to collect this debt in violation of numerous and multiple provisions of the FDCPA, including but not limited to 15 U.S.C. §§ 1692c(a)(1), 1692c(b), 1692d, 1692d(5), 1692e, 1692e(5), 1692e(10), 1692b(1), 1692b(3), 1692f, and 1692f(1), amongst others.

### *Summary*

35. All of the above-described collection communications made to Plaintiff by Defendant were made in violation of numerous and multiple provisions of the FDCPA, including but not limited to all of the above mentioned provisions, amongst others, as well as an invasion of his privacy by the use of repeated calls.

36. The Defendant's persistent autodialed calls eliminated the Plaintiff's right to be left alone.

37. These autodialed collection calls disrupted Plaintiff's sleep.

38. These persistent autodialed collection calls eliminated the peace and solitude that the Plaintiff would have otherwise had.

39. Defendant's actions constituted the unauthorized use of, and interference with the Plaintiff's cellular telephone service associated with the number (616) 302-3608 for which the Plaintiff paid money.

### **TRIAL BY JURY**

40. Plaintiff is entitled to and hereby respectfully demands a trial by jury on all issues so triable.  US Const. amend. 7.  Fed.R.Civ.P. 38.

## PRAYER FOR RELIEF

**Count I – Fair Debt Collection Practices Act**

41. Plaintiff incorporates the foregoing paragraphs by reference.

42. Defendant has violated the FDCPA. Defendant's violations of the FDCPA include but are not limited to the following:

    a. Defendant violated 15 U.S.C. §1692b;

    b. Defendant violated 15 U.S.C. §1692c;

    c. Defendant violated 15 U.S.C. §1692d by engaging in conduct, the natural consequence of which is to harass, oppress, or abuse a person in connection with the collection of a debt;

    d. Defendant violated 15 U.S.C. §1692e by using false and misleading representations or means in connection with the collection of a debt; and

    e. Defendant violated 15 U.S.C. §1692f by using unfair and unconscionable means to collect or attempt to collect a debt from Plaintiff.

    **Wherefore,** Plaintiff seeks judgment against defendant for:

    a) Actual damages pursuant to 15 U.S.C. §1692k(a)(1);

    b) Statutory damages pursuant to 15 U.S.C. §1692l(a)(2)(A);

    c) Costs and reasonable attorney's fees pursuant to 15 U.S.C. §1692k(a)(3); and

    d) Such further relief as the court deems just and equitable.

**Count II – Michigan Occupational Code**

43. Plaintiff incorporates the foregoing paragraphs by reference.

44. Defendant has violated the MOC. Defendant's violations of the MOC include, but are not limited to the following:

    a. Defendant violated M.C.L. §339.915(n) by using a harassing, oppressive, or abusive method to collect a debt;

    b. Defendant violated M.C.L. §339.915(q) by failing to implement a procedure designed to prevent a violation by an employee; and

    c. Defendant violated M.C.L. §339.919.

**Wherefore**, Plaintiff seeks judgment against defendant for:

    a) Actual damages pursuant to M.C.L. §339.916(2);

    b) Treble the actual damages pursuant to M.C.L. §339.916(2);

    c) Statutory damages pursuant to M.C.L. §339.916(2);

    d) Reasonable attorney's fees and court costs pursuant to M.C.L. §339.916(2); and

    e) Equitable relief pursuant to M.C.L. §339.916(2).

**Count III – Telephone Collection Practices Act**

45. Plaintiff incorporates the foregoing paragraphs by reference.

46. Defendant has violated 47 U.S.C. §227(b)(1)(A)(iii) and 47 C.F.R. §64.1200 (a)(1)(iii) by using an automatic dialing system to make numerous calls to the cellular telephones of Plaintiff without consent.

47. Defendant's actions alleged herein constitute numerous negligent violations of the TCPA, entitling Plaintiff to an award of $500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §227(b)(3)(B).

48. Defendant's actions alleged herein constitute numerous knowing and/or willful violations of the TCPA, entitling Plaintiff to an award of $1,500.00 in statutory damages for each and every violation pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C).

**Wherefore,** Plaintiff seeks judgment against Defendant for:

    a) Statutory damages of $500.00 per call pursuant to 47 U.S.C. §227(b)(3)(B);

    b) Treble damages of $1,500.00 per call pursuant to 47 U.S.C. §§227(b)(3)(B) and 227(b)(3)(C);

    c) An injunction prohibiting Defendant from contacting Plaintiff on his cellular phone using an automated dialing system pursuant to 47 U.S.C. §§227(b)(3)(a).

| Dated: January 13, 2017 | Respectfully submitted: |
|---|---|
|  | __/s/_____ <br> Jeffrey D. Mapes (P70509) <br> Jeffrey D. Mapes PLC <br> Attorneys for Plaintiff <br> 29 Pearl St. NW, Ste. 305 <br> Grand Rapids, MI 49503 <br> Tel: (616) 719-3847 <br> Fax: (616) 719-3857 <br> jeff@mapesdebt.com |